IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **95-cv-02510-JLK (BNB)**

**MORRISON KNUDSEN CORPORATION
d/b/a MK-FERGUSON COMPANY, an Ohio corporation,**

    Plaintiff and Counterclaim Defendant,

v.

**GROUND IMPROVEMENT TECHNIQUES, INC., a Florida corporation;**

    Defendant and Counterclaim Plaintiff.

_____

ORDER GRANTING MOTIONS IN LIMINE RE: WRONGFUL
TERMINATION (#556) AND BREACH OF CONTRACT (#557)
_____

KANE, J.

Upon careful consideration of the briefs and other filings in support of MK's Motions in Limine re: Wrongful Termination (Doc. 556) and Breach of Contract (Doc. 557), together with a careful review of the Tenth Circuit's detailed opinion ordering the instant retrial on damages, I conclude both Motions are well founded. On remand, GIT is bound by Judge Cauthron's determination in the original trial that there was insufficient evidence of bad faith to allow GIT's common law breach of contract claim to be given to the jury. *See Morrison Knudsen Corp. v. Fireman's Fund Ins. Co. et al*, 175 F.3d 1221, 1243 (10th Cir. 1999). The law of the case as stated by the Tenth Circuit is that all substantive legal issues under the contract, including the amount of damages, are to be determined "in accord with the body of government-procurement law." *Id.* at 1242.

Under the contract, the termination of the MK-GIT contract is deemed a "termination-for-convenience" and any "wrongfulness" of MK's actions are relevant only to the question of whether MK, rather than GIT, caused the cost overruns ( "equitable adjustments") averred by GIT.  Accordingly, GIT will not be allowed to argue or offer evidence at the retrial that MK "breached" or "wrongfully breached" or "wrongfully terminated" its contract with GIT.

Dated:  January 20, 2006.                                  **s/John L. Kane**
                                                           SENIOR U.S. DISTRICT JUDGE