IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **95-cv-02510-JLK-BNB**

**MORRISON KNUDSEN CORPORATION
d/b/a MK-FERGUSON COMPANY, an Ohio corporation,**

      Plaintiff and Counterclaim Defendant,

v.

**GROUND IMPROVEMENT TECHNIQUES, INC., a Florida corporation;**

      Defendant and Counterclaim Plaintiff.

---

**ORDER SETTING BRIEFING SCHEDULE AND RULING ON
CERTAIN PENDING MOTIONS**

---

Kane, J.

I am in receipt of a second Motion filed in this case today raising *Daubert* challenges to GIT's expert witnesses. A similar *Daubert*-style Motion (Doc. 593) was filed by GIT on February 2, 2006, and was fully briefed yesterday. A two-week jury trial in this long-standing case, here on remand from the Tenth Circuit Court of Appeals, is set to commence April 3, 2006. A Final Trial Preparation Conference is set for March 24th.

According to my Pretrial Procedures Memorandum, *Daubert* Motions are normally due 30 days *after the Pretrial Conference* in a given case. Because of the torturous nature of the proceedings since the Tenth Circuit's remand, the substitution of experts, failed efforts at settlement and the like, there has never been a formal pretrial conference in this case and based on my review of the file, there is no operative Pretrial Order. Accordingly, and to preserve the hard-fought trial date assigned, I have opted to accept

what are undoubtedly untimely *Daubert* motions and will endeavor to have them fully briefed and ready for disposition by the March 24 trial preparation conference. My patience, however, has worn thin. Discovery related to the Mr. Busch – the last substituted expert in this case – was completed in June 2005. There is simply no excuse for the delay in filing Document 604 (seeking to strike the opinion of Mr. Busch) and unless I am persuaded otherwise, the Motion to Strike may be denied on that basis alone.

In the meantime, GIT shall file responses to MK's Motion to Exclude Evidence that Fails to Comply with the Applicable Law and to Exclude Certain Expert Testimony of Alvin M. Cohen (Doc. 603) as well as the Motion to Strike the Opinion of Jeffrey S. Busch (Doc. 604) on or before March 6, 2006. Those responses shall be filed electronically in the normal course, and served on GIT electronically the same day. Any replies by MK are due on or before March 10, 2006. NO FURTHER *DAUBERT*-RELATED MOTIONS WILL BE ACCEPTED IN THIS CASE.

The deadline for filing motions in limine has been and remains 30 days before the Final Trial Preparation Conference, or February 24, 2006. GIT's response to the Motion in Limine filed yesterday by MK and directed to the issue of damages (Doc. 599) is due on or before March 13, 2006. Any reply by MK is due on or before March 17.

### *Orders on Certain Pending Motions*.

With respect to MK's Motion to Determine Question of Law Re: Prejudgment Interest (Doc. 571), that Motion is **DENIED.** Judicial economy dictates that I avoid ruling on an issue when doing so may be unnecessary. The question of whether or not to

award prejudgment interest is a matter for the court, not the jury, and cannot be decided until the evidence is presented and the jury's verdict returned.  Whether certain factual determinations should be made by the jury and included as special interrogatories in the special form of verdict is an issue than may be addressed at the Final Trial Preparation Conference.

MK's Motion in Limine Re: DOE Payment or Indemnification (Doc. 578) is also **DENIED**, but denied without prejudice to the issue being raised during the normal flow of trial and the presentation of evidence.  The question of whether evidence regarding the Department of Energy's role as indemnor may be presented at trial is not a F.R.E. 402 issue.  Relevance is not an abstract concept.  The authority and control exercised by DOE in contracts such as the one at issue in this case is such that its conduct and directions throughout the run of the contract and its termination are relevant.  The question is one of balancing the probative value of such evidence against its presumed prejudicial effect under F.R.E. 403.  Indeed, balancing under Rule 403 is clearly equivocal as one may surmise with equal confidence that a jury of taxpayers would be reluctant to award damages that might be paid from the public fisc.

This Order disposes, then, of Document Nos. 571 and 578 in this case, and sets briefing schedules for Docs. 599, 603 and 604.

Dated:  February 22, 2006         **s/John L. Kane**
                                  SENIOR U.S. DISTRICT JUDGE