IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **95-cv-02510-JLK**

**MORRISON KNUDSEN CORPORATION
d/b/a MK-FERGUSON COMPANY, an Ohio Corporation,**

    Plaintiff and Counterclaim Defendant,

v.

**GROUND IMPROVEMENT TECHNIQUES, INC., a Florida Corporation;**

    Defendant and Counterclaim Plaintiff,
_____

ORDER VACATING ORDER REALIGNING PARTIES
_____

KANE, J.

At the conclusion of yesterday's final trial preparation conference I ordered the parties realigned so that next week's trial would commence with MK as Defendant and GIT as Plaintiff. Upon further reflection and given the long history of this litigation and the imminence of the trial, I have reconsidered and VACATE that order.

The trial in this case is but a continuation of proceedings that began in the District of Oklahoma ten years ago and where MK was Plaintiff and Counter-Defendant with respect to GIT's Counterclaims and GIT was Defendant and Counter-Plaintiff. Both sides intend to rely heavily on testimony from that trial in the approaching retrial and any confusion that may result from the de facto realignment of the parties is easily dispelled and will be explained in the Nature of the Case Instruction. I note that my revisions to the jury instructions were made with an eye to the shift in alignment without redefining

the parties in a manner inconsistent with the prior proceedings. Specifically, the instructions refer to GIT and MK by name, rather than any category of "Plaintiff" or "Defendant," and instructions discussing burdens of proof make clear that GIT bears the ultimate burden of proving up its costs and entitlements generally and that MK bears the burden of proving any loss adjustments. I will review the instructions once again to clear up any lingering confusion and references to "Plaintiff" and "Defendant" and modify them where necessary.

Accordingly, the parties will remain as originally aligned in the District of Oklahoma and then on appeal to the Tenth Circuit. The parties, however, may sit wherever they wish in the courtroom for trial and should refer to themselves by name rather than "Plaintiff" or "Defendant." GIT is the proponent of its claim for compensation/recoupment of its costs, plus reasonable profit and equitable adjustments, or "damages" under a termination-for-convenience theory of relief, and MK is defending against that claim.

The ORDER set forth in the Minutes of the proceedings from May 1, 2006 realigning the parties is VACATED.

Dated this 2d day of May, 2006, at Denver, Colorado.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE