IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **95-cv-02510-JLK**

**MORRISON KNUDSEN CORPORATION
d/b/a MK-FERGUSON COMPANY, an Ohio Corporation,**

      Plaintiff and Counterclaim Defendant,

v.

**GROUND IMPROVEMENT TECHNIQUES, INC., a Florida Corporation;**

      Defendant and Counterclaim Plaintiff,

_____

ORDER
_____

KANE, J.

On May 24, 2006, the jury reached its Verdict awarding GIT several million

dollars in compensation for its work on the MK-GIT contract for environmental clean up

at the Slick Rock, Colorado, site.  Pursuant to my Order dated May 26, 2006, GIT

submitted a proposed form of Judgment (Doc. 700) on June 1, 2006, to which MK filed a

formal Objection (Doc. 704).  In addition, GIT filed two Motions to Alter the proposed

Judgment seeking (1) to have judgment enter jointly and severally against the supersedeas

bond surety and Morrison Knudsen Corporation (Doc. 701); and (2) seeking an award of

prejudgment interest (Doc. 702).   I GRANT the Motion for Prejudgment Interest, but, at

MK's request, set the Motion for entry of judgment against MK's surety and the disputed

regarding duplication in the jury's award for argument.

1.    *GIT's Motion for Entry of the Modified Judgment Jointly and Severally Against
the Supersedeas Bond Surety and Morrison Knudsen Corp.* **(Doc. 701).**

GIT moves for the entry of judgment in this long-standing case jointly and severally against MK and its supersedeas bond surety, Federal Insurance Company.  MK objects on the basis of post-verdict proceedings it has initiated in its Nevada bankruptcy case, specifically including a Complaint for Declaratory Judgment that GIT is prohibited from executing on any judgment obtained against MK in this case and a Motion to hold GIT in contempt based on its alleged violation of the Nevada bankruptcy court's original order modifying the automatic stay in that case to allow the instant case to proceed.   MK offers no other legal ground or authority for the proposition that these filings preclude entry of judgment in this case against its surety, but requests to be heard on the issue in oral argument.

2.    **GIT's *Motion for Award of Prejudgment Interest* (Doc. 702).**

MK objects to any award of prejudgment interest in this case on grounds that the jury's verdict for amounts due GIT under a termination-for-convenience theory preclude such an award as a matter of law under the Federal Acquisition Regulations (FARs), in particular 48 C.F.R. §  49.112-2(d).  MK's position is facile, given the fact that this case originated not as a termination of the MK-GIT contract for MK's "convenience," but as a lawsuit brought by MK *against* GIT for breach of contract completely outside the termination-for-convenience context.  Had MK originated its case a termination-for-convenience, federal regulations would have required MK to provide notice and effect a no-cost settlement if the contractor will accept one.  *See* 48 C.F.R. §  49.101 ff. MK would have been responsible to "promptly schedule and complete audit reviews and

2

negotiations, giving particular attention to the need for timely action on all settlements involving small business concerns." *Id.* at 49.101(d).

The "primary objective" under the termination-for-convenience protocol would be "to negotiate a settlement by agreement." 48 C.F.R. § 49.201(b). If the government and contractor cannot agree on a termination settlement, however, the government may "determine" an appropriate settlement fully compensating the contractor, and the contractor may appeal. *See id.* § 49.109-7. *Interest*, under § 49.112-2(d), need not be paid by the government on a negotiated or determined settlement amount. The regulations specifically provide, however, that "the Government may . . . pay interest on a successful contractor appeal from a contracting officer's determination under the Disputes clause" of their contract. *Id.*

It is the appealed settlement paradigm that best fits the scenario presented in this case, where it was MK that initiated litigation, and question of any compensation due GIT from MK did not even arise until the court converted the question of MK's liability to GIT on GIT's counterclaims to a "termination-for-convenience" analysis. Once forced into a "termination-for-convenience" paradigm for relief, GIT's counterclaims are more closely analogized to an "appeal" under the applicable regulations of a "determination" by MK of what GIT should recover for its work under the terminated contract. In the "damages" retrial in this Court, both parties relied on the Disputes provision of their Contract and argued GIT's relative entitlement to compensation, profits and adjustments under the applicable FARs in Part 49. The litigation here, and previously in the District

of Oklahoma and Tenth Circuit Court of Appeals, was clearly in the nature of an "appeal" by GIT of MK's "determination" of what fair compensation would be under the terminated Contract.  Under the very regulation cited by MK, an award of interest under these circumstances to compensate a contractor for the time value of the delay caused by the appeal is not only not precluded, but fully authorized.

I note that the provision in 48 C.F.R. § 49.112-2(d) providing for the nonpayment of interest on amounts due contractors in settlement under a termination-for-convenience analysis does not mean contractors may never be compensated for the time value of moneys due and owing owing by the government (here, MK) but for which payment has been delayed.  To the contrary, it is likely contractors will recover interest as part of their settlement with the government, either in negotiation or through adjustments for delay or under other statutory and regulatory provisions governing interest.  *See generally* John Cibinic, Jr. & Ralph C. Nash, Jr., *Administration of Government Contracts*, p. 1191-1200 (3d ed. 1995)(discussing contractor remedies for delayed payment).  "When the parties negotiate a settlement agreement, they should consider the question of interest and incorporate language into the agreement either including interest in the settled amount or excluding it."  *See id.* at 1198.  In addition, the Contract Disputes Act, 41 U.S.C. § 611, may also provide a basis for a contractor to recover interest on claims not paid or disputed by the government.  *Id.* at 1195.

For the foregoing reasons, prejudgment interest is not precluded under the applicable regulatory framework and is, under the circumstances, fully warranted.  Here,

4

MK's obligation to compensate GIT for its work performed under the terminated contract was disputed, by MK, which framed the action at the outset by suing *GIT* for damages. Not only did MK disclaim responsibility to compensate GIT for much of the work performed, MK sought damages from GIT under a breach of contract theory of relief. GIT counterclaimed, and the dispute was converted into a termination-for-convenience paradigm on GIT's denial that it was not liable to MK and was, in fact, entitled to full and fair compensation for its work performed.  Prejudgment interest was contemplated (and sought by both sides, including MK) from the outset of this case, and MK's adjudicated liability to GIT for amounts due under the Contract has now taken ten years to wend its way through the courts.  MK cannot be heard to invoke regulations that would have required it to settle and pay amounts due GIT under their Contract promptly and efficiently to disclaim an obligation to pay interest on those amounts when it did not settle and, in fact, forced GIT into litigation and ten years of relentless opposition before it agreed to pay GIT anything at all.

Because of MK's actions in litigating and withholding payment under the Contract in contravention of the regulations that would have exempted it from having to pay interest had it settled the matter promptly, GIT has been without the time value of those payments since 1995.  MK's reliance on 48 C.F.R. §  49.112-2(d) incorrectly equates a voluntary unilateral settlement decision with a contested jury trial conducted under the MK-GIT contract disputes clause and, on the issue of interest, the regulation actually supports the award of prejudgment interest in this case.  GIT's request for an award of

prejudgment interest is GRANTED.

Based on the foregoing, GIT's Motion for Award of Prejudgment Interest in the Modified Amended Judgment (Doc. 702) is GRANTED.  MK's request for hearing on the question of the entry of judgment jointly and severally against MK and Federal Insurance Company (Doc. 717) will be treated as a request for oral argument and is also GRANTED.  The surety question, together with the suggestion of duplication in the jury's Verdict, will be set for argument by separate Minute Order.

Dated this 30th day of June, 2006, at Denver, Colorado.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE