IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **95-K-2510**

**MORRISON KNUDSEN CORPORATION
d/b/a MK-FERGUSON COMPANY, an Ohio Corporation,**

    Plaintiff and Counterclaim Defendant,

v.

**GROUND IMPROVEMENT TECHNIQUES, INC., a Florida Corporation;**

    Defendant and Counterclaim Plaintiff,
_____

**ORDER ON POSTJUDGMENT MOTIONS AND FOR
AMENDMENT OF AUGUST 16, 2006 JUDGMENT
REGARDING PREJUDGMENT INTEREST**
_____

KANE, J.

This action was remanded by the Tenth Circuit in 1999 for retrial on the amount of damages and/or cost recovery to which GIT was entitled under the parties' federal environmental cleanup contract at the Slick Rock, Colorado site.  After lengthy pretrial motions practice, settlement discussions, expert witness changes, discovery and other legal wrangling and delays by the parties, the case finally went to trial in May 2006.  The jury reached its verdict on May 24, 2006, awarding GIT several million dollars in costs and equitable adjustments under the contract.  Numerous post-verdict motions followed, culminating in a hearing on August 16, 2006 after which Judgment was entered.

The matter is before me now on thirteen motions to alter or amend the Judgment, for new trial or for judgment as a matter of law filed by MK or its surety Federal

Insurance Co. (FIC) under Fed. R. Civ. P. 50(b), 59 and 60.  GIT's Motion for additional Attorney Fees under the Equal Access to Justice Act (EAJA) and Motion for Costs are also pending.  I rule on these Motions as follows:

1. GIT's ***Motion for Attorney Fees*** (Doc. 726) is **DENIED.**  Attorney fees incurred by GIT negotiating and pursuing cost recovery have already been awarded by the jury under a termination-for-convenience theory.  In this Motion, GIT seeks an additional award of fees  under the EAJA and 28 U.S.C. § 1927 for attorney fees incurred over the course of the eleven years of litigation it took to recover costs due under its Contract from MK.  GIT's request for EAJA fees is premised on an unreasonable extension of the Act unsupported by the authority cited.  Given the limited scope of the EAJA, I find it inapplicable in this case and **DENY** GIT's request for EAJA fees.  I also **DENY** GIT's request for attorney fees as a sanction under 28 U.S.C. § 1927 for MK's obstinate litigation tactics throughout the eleven-year history of this case.  The award of prejudgment interest (as modified below) and the equitable adjustments awarded GIT by the jury compensate GIT for the time value of payments withheld and delay costs caused by MK and its refusal to pay GIT for work done under their Contract, and no additional amounts are warranted as a sanction for the positions MK took on the merits of its claims and defenses or other litigation tactics under § 1927.

2. Motions directed to the issue of prejudgment interest:  MK's ***Motion*** and

*Amended Motion to Alter or Amend Judgment Re: Prejudgment Interest* (Docs. 760, 763) and GIT's *Motion to Amend/Correct/Modify Judgment to Add Seventy-Seven Days of Prejudgment Interest* (Doc. 765).  In these Motions, MK seeks an order striking the award of prejudgment interest or, alternatively, making findings as to the date from which prejudgment interest should be calculated and the specific interest rate that applies.  GIT seeks an order adding 77 days of prejudgment interest to the Judgment to reflect the period of time running from the date of the jury's verdict and the date judgment was entered.  MK's Motions are **GRANTED** in part and **DENIED** in part.  GIT's Motion is **GRANTED**.

I issued an Order on June 30, 2006 addressing the issue of prejudgment interest.  In that Order, I rejected MK's contention that GIT is precluded under the constructive termination-for-convenience scenario here from an award of interest recognizing the time value of the delay caused by its refusal to pay GIT and the protracted litigation of that issue that ensued.  In concluding that GIT was entitled to prejudgment interest, I distinguished this case from one that originated as a termination-for-convenience, under which circumstances MK as the primary contractor would have been responsible for the "prompt" determination, settlement and payment of amounts owed GIT.  Order at 2-3.  Here, where the case was converted to a termination-for-convenience on GIT's counterclaims only after MK had sued GIT for breach of contract, I concluded those counterclaims and GIT's successful efforts to liquidate them were more properly analogized to a "successful

contractor appeal" from a determination by the government (here, MK) that no payment was due. I identified The Prompt Payment Act (PPA) and the Contract Disputes Act (CDA) as two federal statutes lending support by analogy for an award of prejudgment interest in this case. *See id.*

Nevertheless, GIT's proposed form of Judgment – which I entered after the August 16 hearing – used the Colorado statutory prejudgment interest rate of 8%. MK's point that this rate is not supported by my Order is well taken. Federal law provides the most appropriate source for the applicable rate and on August 16, 2006, that rate was 5.09%.

MK's suggestion that the appropriate beginning date for the accrual of prejudgment interest should not be the date of termination as the parties stipulated in the original trial in this case is rejected. I granted GIT's Motion to Enforce Stipulation in open court on May 1, 2006, and my ruling stands.

GIT's Motion to add seventy-seven days of prejudgment interest (Doc. 765) is granted.

3. MK's remaining ***Motions to Alter or Amend Judgment***, for ***New Trial*** and/or ***Renewed Motions for Judgment as a Matter of Law*** (Docs. 726, 751, 752, 752, 753, 754, 755, 756, 757, and 758) are **DENIED**. These Motions are in the nature of preserving issues for appeal and the bases for the rulings challenged are already amply set forth in the record.

4. FIC's ***Motion to Alter or Amend Judgment and for Relief from Judgment*** (Doc.

761) is **DENIED** on the same basis.

5. GIT's *Motion for Costs* (Doc. 764) is **DENIED** to the extent costs beyond those otherwise taxable under D.C.COLO.LCiv.R 54.1 are sought.

Based on the foregoing, the Judgment entered on August 16, 2006 in this matter is **AMENDED** as follows:

The prejudgment interest award at paragraph 2 on page 6 is **AMENDED** to read as follows:

2. **FURTHER ORDERED** that prejudgment interest shall accrue on the total award amount of $15,644,582 commencing from September 29, 1995 to August 16, 2006 at the applicable federal rate of 5.09% per annum.

Dated this 5th day of September, 2006, at Denver, Colorado.

                                          **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE