IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 95-cv-02510-JLK-BNB

GROUND IMPROVEMENT TECHNIQUES, INC.,

Counterclaim Plaintiff,

v.

MORRISON KNUDSEN CORPORATION, d/b/a MK-FERGUSON COMPANY,

Counterclaim Defendant.
_____

**ORDER**
_____

This matter is before me on the following:

(1)     **Ground Improvement Technique, Inc.'s Motion Requesting Modification to the Stay of Execution Order to Require a Full Supersedeas Bond During the Present Appeal** [Doc. # 802, filed 12/14/2006] (the "Motion to Require Bond"); and

(2)     **Ground Improvement Techniques, Inc.'s Motion to Compel Full Disclosure of Withheld Documents or Alternatively Motion to Strike Morrison Knudsen Corporation's Response at Doc. No. 804** [Doc. # 808, filed 1/11/2007] (the "Motion to Compel").

This case initially was tried to a jury more than a decade ago. The first trial resulted in a verdict in favor of Ground Improvement Techniques, Inc. ("GIT"), and against Morrison Knudsen Corporation, now known as Western Group International ("MK"), in the amount of $5,600,000. MK appealed the judgment. In connection with that appeal, MK posted a supersedeas bond in the amount of $7,000,000, which was later increased to $7,075,000. Federal

Insurance Company ("Federal Insurance") is the surety on the supersedeas bond.

On appeal, the circuit court affirmed the judgment on the issue of liability but reversed and remanded on the issue of damages. Morrison Knudsen Corp. v. Fireman's Fund Ins. Co., 175 F.3d 1221, 1260-61 (10th Cir. 1999). The matter of damages was retried in 2006, resulting in a judgment entered in favor of GIT and against MK in the principal amount of $15,644,582.

In the intervening period between the appeal of the first trial and retrial on the issue of damages, both GIT and MK filed for bankruptcy. MK's bankruptcy case remains pending in the bankruptcy court in Nevada.

The district judge entered judgment on the second damage award on August 16, 2006 [Doc. # 746]. The judgment provides at page 6:

> [T]his Modified Amended Judgment is rendered, jointly and severally, against MK and the Federal Insurance Company up to the penal sum of the increased Supersedeas Bond of Seven Million, Seventy-Five Thousand dollars ($7,075,000.00) with any and all remaining amounts rendered and awarded against MK.

Federal Insurance moved for a stay of the August 2006 judgment against it, arguing:

> The issue before this Court was whether Supersedeas Bond No. 8131-18-24 (the "Bond") issued by Federal on behalf of [MK] remains in full force and effect or was discharged by the decision by the Tenth Circuit Court of Appeals reversing and remanding the case for a new trial. This Court denied Federal's motion and granted GIT's motion in part, entering judgment . . . in favor of GIT and jointly and severally against both Federal and MK.
>
> A notice of appeal was filed by Federal on October 4, 2006.
> \* \* \*
> The August 2006 Judgment, as to Federal, is a judgment on the Bond previously posted to protect GIT from MK's insolvency pending the prior appeal. Based on this Court's prior ruling, the Bond remains in force and effect to protect GIT and to secure the August 2006 Judgment (up to the penal sum of the Bond). If the

> Court of Appeals affirms this Court's ruling that the Bond remains
> in force and effect, GIT will have the same remedy which would be
> available if it were allowed to execute on the Bond prior to the
> conclusion of the pending appeal. . . . To require Federal to post a
> second bond would be an unnecessary waste of funds to acquire the
> second bond and pay the premium thereon.

*Federal Insurance Company's Rule 62 Motion for Stay of Execution pending Appeal With Request for Waiver of Bond Requirement and Brief In Support Thereof* [Doc. # 796, filed 10/27/2006] ("Federal's Rule 62 Motion") at pp.2-3. Importantly, Federal Insurance moved for a stay and for relief from posting a bond only with respect to the $7.075 million dollar judgment entered against it, and not with respect to any other party. Id. at p.1 n.1.

The district judge granted *Federal's Rule 62 Motion* on October 30, 2006, staying execution pending appeal and waiving the requirement of a bond "as to Federal Insurance Company only." *Order* [Doc. # 798] (the "Stay Order").

GIT seeks an order modifying the *Stay Order*, arguing that the United States Department of Energy ("DOE") is the real party in interest in this matter because DOE is funding MK's defense costs and DOE ultimately will pay any judgment entered and affirmed on appeal. *Motion to Require Bond* at pp.4-8.

The logic underlying GIT's position escapes me. GIT has obtained a limited judgment against Federal Insurance, capped at the penal amount of the supersedeas bond ($7.075 million) previously posted by Federal Insurance in connection with the first appeal. If the circuit court affirms the district judge on appeal of the bond issue, GIT may execute on the existing bond and fully satisfy the limited judgment entered against Federal Insurance. If the circuit court reverses on the bond issue, finding that Federal's previous bond was discharged after that court's decision

in the first appeal, then the joint and several judgment entered against Federal Insurance in August 2006 is error and any additional bond required to assure execution of that invalid judgment would be discharged. As Federal Insurance argues, a second bond in the principal amount of the Supersedeas Bond is unnecessary.

The law concerning stays of execution and supersedeas bonds is well settled, as stated in Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988):

> Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain an automatic stay of execution of judgment pending appeal by posting a bond. In the alternative, the appellant may move that the district court employ its discretion to waive the bond requirement. When determining whether to waive the posting of bond, the district court may look to several criteria enumerated by this court:(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . .; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . .; (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. . . .

Id. at 904-05; accord Sierra Club v. El Paso Gold Mines, Inc., 2003 WL 25265871 *7 (D. Colo. April 21, 2003)(same).

Applying the Dillon criteria to the facts of this case makes plain that a second supersedeas bond securing the $7.075 million judgment against Federal Insurance is unnecessary. First, if the judgment against Federal Insurance is affirmed on appeal, collection efforts on the Federal Insurance bond will be straight-forward. Second, there is no indication, and GIT does not argue, that there is any doubt about the ability of Federal Insurance to pay the judgment and, to the contrary, the ability of Federal Insurance to pay the judgment is so plain as to convince me that

4

the cost of a second bond securing the Federal Insurance bond is a waste of money. The remaining factors simply play no role here.

This ruling has no impact on GIT's ability to execute against MK. Nothing done by this court prevents such execution, although I am informed that the Nevada bankruptcy court has refused to lift its stay to allow such execution. *Morrison Knudsen Corporation's Response to . . . Motion to Compel [etc.]* [Doc. # 815, filed 2/2/2007] ("MK's Response to Motion to Compel") at p.8. Nor do I understand how the involvement of the DOE in funding MK in this litigation, if any, is relevant to the issue of the necessity of a bond to secure payment by Federal Insurance of the judgment against it.

By obtaining a stay of execution and appealing the limited judgment entered against it, Federal Insurance deprives GIT of the use of the judgment proceeds. Federal Insurance may as a result become liable to GIT for postjudgment interest during the pendency of the second appeal. GIT is entitled to security to assure its ability to collect that interest. Consequently, I will consider ordering that Federal Insurance increase the amount of the Supersedeas Bond on a motion by GIT estimating the reasonable amount of postjudgment interest which may accrue during the pendency of the second appeal on that portion of the judgment for which Federal Insurance may be held liable ($7.075 million).

I have not considered the materials submitted by MK in support of its response to the *Motion to Require Bond*. Consequently, the *Motion to Compel* is moot.

IT IS ORDERED that the *Motion to Require Bond* [Doc. # 802] and the *Motion to Compel* [Doc. # 808] are DENIED.

Dated April 25, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge