IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **95-cv-02510-JLK-BNB**

**MORRISON KNUDSEN CORPORATION
d/b/a MK-FERGUSON COMPANY, an Ohio corporation,**

    Counterclaim Defendant,

v.

**GROUND IMPROVEMENT TECHNIQUES, INC., a Florida corporation;**

    Counterclaim Plaintiff.

# ORDER

Kane, J.

    Despite a detailed opinion from the Tenth Circuit Court of Appeals in the second of two separate appeals from jury verdicts in this case and an order requiring the parties to confer and develop a proposed form of Amended Judgment effecting the Court's mandate on issues of prejudgment interest, remittitur and equitable adjustment, the parties have been unable to come to terms. At least six Motions – highlighting numerous ongoing disputes between the parties including, but not limited to, the accrual of interest on monies already deposited (and accruing interest) in the court registry, set-offs based on related bad faith litigation pending before Judge Blackburn, and GIT's entitlement to proceeds independently of its creditors in bankruptcy – are currently pending before me which are delaying the entry of final judgment in this thirteen-year old case. These disputes range from the authentically complex to the nearly absurd (i.e., disputes over the $1045 in costs awarded GIT in the Tenth Circuit's supplemental mandate).

    Accordingly, I ORDER that the form of the Second Amended Judgment is set for a STATUS CONFERENCE and MOTIONS HEARING on December 22, 2008, at 2:00 p.m. in

Courtroom A-802, Alfred A. Arraj U.S. District Courthouse, 901 19th St., Denver, Colorado, 80294. Party representatives with full negotiating authority must be available in person or by phone to attend the conference. Counsel must appear in person.

I make the following observations in anticipation of the status conference. While GIT is correct that Fed. R. Civ. P. 67 does not automatically stop the accrual of post-judgment interest on the surety bond amount deposited by Federal into the registry of the court by its terms, *see* Wright, Miller & Marcus, *Federal Practice and Procedure Civ. 2d* §§ 2291-92 (West 1997), where the money has been deposited in an interest-bearing account I am not, under the circumstances of this case, inclined to order it. Nor am I inclined to order any amount of the deposit set off in anticipation of as-yet unresolved bad faith litigation pending before a different judge in this court. Whether Federal deposits an additional $1045 in costs into the registry of the court or not is a matter over which it is difficult to muster grave concern, but I will do my best. However, it seems advisable that counsel undertake one last good-faith attempt at drafting an agreeable form of judgment in this case to save their clients the expense of their time and attendance at the December 22 status conference. If an appropriate amended form of judgment is submitted for approval on or before December 18, 2008, I will vacate the conference.

Dated this 18th day of November, 2008.            **s/John L. Kane**
                                                  SENIOR U.S. DISTRICT JUDGE