IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **95-cv-02510-JLK-BNB**

**MORRISON KNUDSEN CORPORATION**
**d/b/a MK-FERGUSON COMPANY, an Ohio corporation,**

    Counterclaim Defendant,

v.

**GROUND IMPROVEMENT TECHNIQUES, INC., a Florida corporation;**

    Counterclaim Plaintiff.

**ORDER**

Kane, J.

I have just approved the Stipulation (Attachment 1 to Doc. 862) submitted by the parties yesterday afternoon. I now rule on the two remaining issues on which the parties were unable to agree:

1. <u>Whether Federal is liable for the September 2006 $149,497.23 District Clerk cost award.</u> (See Docs. 841, 845, 851, 853, 856, and 857.) While liability on the ultimate judgment to be entered in this case has been described as attaching to MK and Federal "jointly and severally," it is clear that Federal's liability on the judgment entered "jointly and severally" against MK and against Federal as surety is limited to Federal's surety bond obligations. As the Tenth Circuit expressly recognized at pages 12-14 of its slip opinion, are capped at the $7,075,000 penal amount of the bond (plus interest). *Morrison Knudsen Corp. v. Ground Improvement Technology*, 532 F.3d 1063, 1072 & n. 7 (10th Cir. 2008). By depositing that amount in an interest bearing account in the registry of the court, Federal has met its judgment obligations. Federal's obligations on the costs assessed against it as a party-appellant on appeal

are distinct from its obligations as surety on the bond, and, based on the parties' Stipulation dated December 18, 2008, will be deposited separately and in addition to the amounts already in the registry of the court.

Accordingly, that aspect of GIT's Motion for Award of all Costs, Jointly and Severally, Against Federal Insurance Company and MK (Doc. 851), which seeks to hold Federal liable for the $149,497.23 in costs awarded by the Clerk in September 2006 over and above the penal amount of the surety bond, is **DENIED**.

2.  <u>Whether the prejudgment interest rate is fixed at 5.09% or fluctuates depending on the accrual dates for individual subcontractor judgments, and whether prejudgment interest shall be compounded</u>.

I have reviewed the parties' proposed forms of Judgment and their respective arguments regarding the proper award and calculation of prejudgment interest. I am persuaded that based on the law of the case – both the Tenth Circuit's affirmance of my prejudgment interest award analysis generally and its limited holding that the prejudgment interest award should be reduced only by that amount resulting from its determination that certain of GIT's damages related to subcontractor judgments entered against it accrued not on the date of MK's termination but on separate and independent dates afterwards – MK's proposed form of Judgment takes the more appropriate approach. The accrual of prejudgment shall be at the rate of 5.09% per annum, and GIT's request that the Judgment require that prejudgment interest be compounded is **REJECTED**.

Based on the terms of the parties' Stipulation, which have since been entered as an Order of the Court (Doc. 863), the issues that have prevented the entry of the Second Modified Amended Judgment in this case should now be resolved. Accordingly, the Status Conference

currently set for December 22, 2008, is **VACATED**.  A final form Second Amended Judgment in this case shall be submitted forthwith, but no later than Wednesday, December 31, 2008.

This Order resolves all of the pending Motions in this case, i.e., Documents 825, 826, 830, 848, 851, and 855.


Dated this 19th day of December, 2008.                    **s/John L. Kane**
                                                          SENIOR U.S. DISTRICT JUDGE